HAYES *against* BAYLEY.

AFTER the re-taxation ordered, *ante*, p. 42, in this cause, the plaintiff's attorney re-taxed his costs ; and the commissioner allowed the plaintiff a counsel fee of $3 75, being at the Supreme Court rate, on opposing the motion to set aside the report of referrees ; though the costs properly allowable in the cause were Common Pleas costs only. This the plaintiff claimed on the authority of *Alcott et al.* v. *Phelps*, (1 Cowen's Rep. 170 ;) contending that though there was no counsel fee allowed in the C. P., yet it should be allowed here ; and that it must be at the Supreme Court rate ; as none was established in the C. P.

A motion was now again made for a re-taxation.

*B. Whiting*, for the motion.

*D. Beecher & J. A. Spencer*, contra.

*Curia.* We said in *Alcott et al.* v. *Phelps*, that the plaintiff might charge for all necessary services, on a recovery of less than $250, at the Common Pleas rate, and we allowed a *nisi prius* record ; but there is no rate established in that Court for a counsel fee. It by no means follows from this, that the plaintiff is entitled to its allowance, and that too at the Supreme Court rate. It is a service entirely unknown to the Common Pleas, and to which there is no rate in that Court applicable. The counsel fee must be stricken out.

Rule accordingly.

Where the plaintiff recovers in the supreme court, a sum which carries common pleas costs only, he is not allowed counsel fees, at the supreme court rate.

*Semb.* he cannot be allowed counsel fees, as such, for any service of counsel, there being no rate fixed for the service of counsel in the C. P.